## STONE *vs.* BANCROFT & CHAMBERLAIN.

1. No grounds taken in a motion for a new trial will be considered by the Supreme Court, unless it appears from the bill of exceptions that they truly recite what they state as having occurred on the trial.
2. The verdict in this case held to be supported by the evidence.

Assumpsit, in Muscogee Superior Court. Decided by Judge WORRILL, at May Term, 1859.

Chamberlain & Bancroft sued the firm of Stone & Johnson on a note, putting in their declaration a count also for goods sold and delivered. Osborne M. Stone, one of the defendants, pleaded *non est factum*, and further, that the firm of Stone & Johnson gave their note for the bill of goods purchased of plaintiffs, and afterwards a dissolution of said firm took place, Stone leaving ample effects in Johnson's hands to pay all the firm debts, and Johnson agreeing to become individually liable for them, which agreement was known and assented to by plaintiffs; that instead of paying said note when it fell due, Johnson was allowed by plaintiffs, without Stone's knowledge, to give a new note, signing the firm name of Stone & Johnson, in place of it, and which is the note sued on.

On the trial, plaintiffs read the note sued on, dated May 1st, 1852, and also an admission that all costs which had

Stone *vs.* Bancroft and Chamberlain.

accrued, or might accrue, in the case, had been deposited with the Clerk before the evidence of one Miller, (afterwards introduced) was taken.

Daniel Miller's testimony was then read.   He testifies as follows:

Stone & Johnson bought goods of plaintiff on the 24th of February, 1851, to the amount of $1,423 33, and gave their note in payment; the note sued on was written by him and signed by William Johnson, and was given in renewal of the note made by Stone & Johnson, February 24th, 1851, and was due six months after its date; the note first given was delivered to Johnson at the time he made the second note; the plaintiffs have never been paid for the goods sold by them to Stone & Johnson; he had a conversation with Stone in relation to the note sued on, about the 10th of January, 1853, in which Stone promised to pay the note, and asked indulgence, which witness, as agent of plaintiffs, granted; witness was a clerk, and not a partner of plaintiffs; he got ten per cent. of the profits of the business, in lieu of a fixed salary, and was not to be liable for the losses or debts of the concern; he commenced business with plaintiffs June 1st, 1849, and left them June 1st, 1852; signed the release appended to his answers before testifying, and has no interest in the suit; cannot say plaintiffs knew of the dissolution of the firm of Stone & Johnson when witness took the note sued on, but thinks they did; witness knew Johnson was in failing circumstances when he had the conversation with Stone, in January, 1853; Stone said he was going to Hamilton for the purpose of securing himself; cannot say whether or not he presented the note to Stone, but their conversation related to the note sued on; the release attached transfers all the interest of witness in the note and claim in controversy to Charles V. Chamberlain, for a valuable consideration, to-wit: $75 00, and is attested by two witnesses.

The answer of the same witness to another set of interrogatories was read, but no new fact appears in them, except that plaintiffs sold goods to Johnson individually, after the firm of Stone & Johnson was dissolved.

Plaintiffs then read the evidence of Alexander Isaacs, as follows: In December, 1853, or January, 1854, had a conversation with defendant, Stone, and demanded of him payment of the note sued on; he refused, and said he would

not pay the note, unless compelled by law ; witness reminded him of his promise to Miller, which promise he admitted, but said some one had informed him since that time that he was not bound to pay the note; Johnson having given it after Stone & Johnson dissolved ; Stone admitted the justice of the debt, and said Stone & Johnson had received the value for which the note was given, and that he knew the note sued on was made in renewal of the original note; he stated that he had left assets in Johnson's hands to pay all the debts of Stone & Johnson, but that Johnson had misapplied them ; plaintiffs knew of the dissolution of the firm of Stone & Johnson at the time the note sued on was made.

The evidence closed, and the jury returned a verdict for the plaintiffs.

Counsel for Stone moved for a new trial on the following grounds :

1st. Because the Court erred in overruling the motion of defendant's counsel to suppress the interrogatories of Daniel Miller, on the ground stated in the brief of evidence, (which ground is stated therein as follows :   Defendant's counsel objected that said Miler was not a competent witness, being interested in the result of the suit, and that the deed of assignment signed by him and attached to the interrogatories, did not make him competent, and if it did, the execution and delivery of such assignment was not properly proven.)

2d. Because the Court erred in refusing to charge the jury as requested by defendant's counsel, that the promise of Stone was not binding on him, unless he knew the facts, and that he was further apprised of the fact, that by law, he was discharged from liability from the debts when he made the promise.

3d. Because the verdict was without evidence, and against the weight of evidence, and contrary to the charge of the Court.

4th. Because Richard P. Spencer, who was one of the panel of jurors from which a jury was stricken, had sat on a former trial of this case, which fact was known to the parties, and the juror, being questioned by the Court as to the fact, answered that he did not recollect sitting on it, but thought he had not, and that defendant's counsel struck said juror, thereby losing one strike.   (In support of this ground, Messrs. Dougherty and Ingram, attorneys for defendant,

made affidavits, stating that they did not know Mr. Spencer had sat on the case on a former trial, until after the verdict now sought to be set aside, and that they did not understand plaintiffs' counsel to propose to set the juror aside for cause, as stated by Mr. Sloan, one of the plaintiffs counsel.)

The record contains no certificate of the Judge before whom the case was tried, that the allegations in the foregoing motion are true.

The Court below refused to grant a new trial, and defendant's counsel excepted.

INGRAM & RUSSELL, W. DOUGHERTY, for the plaintiffs in error.

JOHNSON & SLOAN, *contra.*

*By the Court—*STEPHENS, J., delivering the opinion.

1. This bill of exceptions informs us that this plaintiff in error moved for a new trial on the grounds which are stated in the motion as appears in the record which accompanies the bill of exceptions; but it does not inform us that these grounds recited truly what had occurred on the trial. We cannot, therefore, consider any of them except that which complains that the verdict is against the evidence. This ground is an exception, because its validity depends solely upon a comparison of the verdict with the evidence which is duly certified to us, and to entertain it, we have only to know that it was *taken;* while the other grounds depend upon the truth of their recitals of facts which occurred on the trial.

2. When this same case was before this Court on a former occasion, the law of it was held to be, that while Stone was not bound by a note given by his former partner after a dissolution of the partnership, yet his promise to pay it after it had been given, was a ratification of it, and bound him. The evidence in this case comes up to that principle. The witness, Isaacs, states explicitly that Stone promised to pay the note, knowing that it was a note made after the dissolution of the partnership. We cannot say, therefore, that this verdict is unsupported by the evidence.

Judgment affirmed.