SELMAN vs. BROWN, NUNNALLY & COMPANY.

In this State, a member of a firm organized to conduct farming operations may bind the firm by giving a negotiable promissory note for supplies to be used in carrying on the business which the association was formed to conduct.

(a) *Semble* that this would be otherwise at common law, such an association not being an ordinary commercial or mercantile partnership in which alone one partner has implied authority to bind the others by such contract. But in a non-commercial or non-mercantile partnership, he is not the agent of the other partners, without express authority, to execute promissory notes in the name of the firm.

December 7, 1886.

Partnership. Promissory Notes. Before Judge HUTCHINS. Walton Superior Court. February Term, 1886.

George C. Selman, as bearer, brought suit against Brown, Nunnally & Company on two promissory notes, signed in the firm name of the defendants, and payable to Malsby & Avery or bearer. D. H. Walker, one of the defendants, pleaded the general issue; that if any liability existed, it arose under an agreement by him, as trustee, with Nunnally, as administrator, and Brown; that such agreement did not authorize Brown to make debts which would bind either of the estates or Walker and himself individually; that the debt was not made by his authority, or with his knowledge or consent, or for the benefit of the estates or the *cestuis que trust.* thereof; and that he did not sign the notes, or authorize them to be signed. Nunnally pleaded *non est factum*, and no partnership between himself and Brown and Walker individually. He alleged that the contract between them was one whereby Walker, as trustee, furnished certain lands, Nunnally, as administrator, furnished certain stock, tools, etc., and Brown took charge of the property and operated it, and the proceeds were to be divided.

Brown testified that he signed the notes in the firm name,

and that the consideration of them was goods purchased for the use of the firm; also that they were such goods as were necessary for carrying on the farm business and were used for the farm. The contract referred to in the pleas and other evidence introduced need not be set out in detail.

On motion, the court granted a nonsuit, and the plaintiff excepted.

Wm. E. Simmons; Chas. Z. Blalock, for plaintiff in error.

A. S. Erwin; D. H. Walker; Ray & Walker; W. J. Nunnally, for defendants.

Hall, Justice.

The court held in this case that a partner in a farming copartnership, could not bind the firm of which he was a member by giving in its name a negotiable promissory note, the consideration of which was supplies to be used in carrying on business which the association was formed to conduct; and for this reason alone, on the close of the plaintiff's proof, the action was dismissed on defendants' motion for a nonsuit. If this question had to be determined upon the principles of the common law, there would perhaps be little room to doubt the correctness of the conclusion reached by the superior court, for, according to that law, this was certainly not an ordinary commercial or mercantile partnership, in which alone, it seems, one partner has implied authority to bind the others by such a contract, but in a non-commercial or non-mercantile partnership, he is not the agent of the other partners, without express authority, to execute promissory notes in the name of the firm. In this State, however, the law is otherwise, for by our code, §1887, "a partnership may be created either by written or parol contract, or it may arise from a joint ownership, use and enjoyment of the profits

of undivided property, real or personal." Again (*id.* §1890) defining a partnership, it declares that a joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons, while a common interest in profits alone does not. Among other powers, every partner has a right to collect and apply the assets of the firm, and to contract or otherwise to bind it in matters connected with its business, and to execute any writing or bond in the course of the business (code, §1904), and all the partners are bound by the acts of any one within the legitimate business of the partnership until dissolution, or the commencement of legal process for that purpose, or express notice of dissent to the person about to be contracted with. *Id.* §1909. The power of a partner in respect to his making the firm a party to negotiable paper is expressly restricted, so far as giving a guaranty or endorsing for the accommodation of others, because such an undertaking is not within the legitimate business of ordinary partnerships. *Id.* §1914. In the absence of express authority conferred by law, the inference from this section of the code would be, as it seems to us, irresistible that he was authorized to bind the firm by a contract in writing, such as drawing a bill of exchange, or executing a negotiable promissory note, where that was within the business, and especially where value was received for the bill of exchange or promissory note, and that for which it was made and negotiated was applied to the use of the firm. The decision complained of adjudicated this question alone, and for that reason we pass upon none of the others made in the record.

Judgment reversed.