HYMES _v._ WELD, agent, for use.

1. Irrespective of statute, authority on the part of a member of a farming partnership to bind the firm by giving in its name a promissory note for fertilizers may be established by proof that the fertilizers were necessary for carrying on the business of the partnership, were bought and used for that purpose, and that similar notes in the name of the firm had previously been given for a like purpose by the other partner and had been recognized by the firm, it not appearing that there was any stipulation between the partners restricting to either one of them the power of purchasing or giving notes.

2. The evidence warranted the verdict.

June 26, 1893.

Before Judge FALLIGANT. Chatham superior court. December term, 1891.

JACOB GAZAN, for plaintiff in error.

W. W. OSBORNE and W. W. FRASER, by brief, *contra*.

SIMMONS, Justice.

Weld, general agent, for use of the Bowker Fertilizer Company, sued Hymes and Strauss as partners, upon a promissory note for $90, dated April 1, 1888, and due August 1st after date, the note being for fertilizers. Hymes was the only one of the defendants served, and he filed a plea of no partnership and *non est factum*. The suit was brought in a magistrate's court, where there was a judgment for the plaintiff. Hymes took the case by appeal to the superior court, and the jury there found for the plaintiff. Hymes was granted a new trial, and upon the second trial the jury again found for the plaintiff. Hymes' second motion for a new trial was overruled, and to this he excepted.

It appears from the evidence that Hymes & Strauss were a farming partnership; that the fertilizers for which the note was given were bought for use on the farm, and were used upon it, and were necessary for carrying on the business of the farm; also that it was the invariable custom of the fertilizer business, where fertilizers were sold upon credit, to require the purchaser to give notes therefor. This note was signed in the name of the firm by Strauss. On previous occasions similar notes in the name of the firm had been given for fertilizers by Hymes, and had been recognized by the firm and paid by it. It does not appear that there was any stipulation between the partners restricting to either one of them the power of purchasing or giving notes. On this subject the articles of copartnership were silent. Hymes contended that the evidence failed to show express authority to Strauss to bind the firm in this manner, and that, being a non-trading partnership, no implied authority to do so existed.

It has been held in this State that under our statutes

a member of a firm organized to conduct farming opera-
tions may bind the firm by giving a promissory note
for supplies to be used in carrying on the business which
the partnership was formed to conduct. *Selman* v.
*Brown, Nunnally & Co.,* 78 *Ga.* 332. There was some
question as to whether the note sued upon in this case
was governed by the laws of this State or by those of
the State of Florida, where the common law on this sub-
ject prevails. It is not important, however, to consider
this question, for in either case we think the evidence
warranted the jury in finding both defendants liable
upon the note. While it is true that at common law
it is not, as a matter of law, implied that a member
of a non-trading partnership has authority to bind the
firm by promissory notes, for, ordinarily, the giving of
notes is not usual or necessary in conducting the business
of such partnerships, yet such authority could be estab-
lished by proof that the giving of such notes was cus-
tomary in the business of the firm, or was necessary in
order to carry on the business, as well as by proof of
other facts from which the authority in the particular
instance might, as a matter of fact, be implied. It
would not be necessary to show that authority was given
in so many words. See Story, Partnership (7 ed.), §§126,
102a. What is said in the case above cited (78 *Ga.* 332),
as to the common law on this subject, is merely *dictum,*
and besides does not necessarily conflict with what we
rule upon the state of facts now before us. There was
no error in the charges and refusals to charge com-
plained of, which would require a new trial.

*Judgment affirmed.*