MAXWELL *v.* IMPERIAL FERTILIZER COMPANY.

1. An agent of a corporation is not incompetent, under section 5269 of the Civil Code, to testify to communications or transactions had with the deceased agent of a firm or individual.

2. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

Submitted October 19,— Decided November 27, 1897.

Complaint on note.   Before Judge Littlejohn.   Macon superior court.   May term, 1897.

*James M. duPree* and *W. G. Harrison*, for plaintiff in error.
*R. L. Greer*, contra.

SIMMONS, C. J.   The facts of this case illustrate the complications which arise from the business transactions of this day and time.   J. M. Brown and Mrs. Carrie H. Maxwell formed a partnership for the purpose of buying land, and growing peaches and farming thereon.   W. P. Maxwell was the husband of Mrs. Maxwell, the partner of Brown in the peach farm business, and was agent for his wife, representing her interests in the farming business.   At the same time, he and Brown were partners in a commission and truck business.   The firm name was, in both cases, Brown & Maxwell.   Brown, a member of both firms of Brown & Maxwell, was also agent of a corporation known as the Imperial Fertilizer Company.   As agent of that corporation, he sold fertilizers to the farming firm of Brown & Maxwell, and as a member of that firm, he authorized Maxwell, the husband and agent of Mrs. Maxwell, to sign the firm name of Brown & Maxwell to certain notes given for the purchase of fertilizers which the firm had bought from the corporation.   The notes thus given not being paid at maturity, the corporation sued the firm of Brown & Maxwell on them.   Mrs. Maxwell pleaded that the firm of Brown & Maxwell had no authority to purchase guano; that she did not sign the note sued on, nor authorize any one else to sign it for her; and that neither Brown nor any one else had any authority to bind her interest by signing the note.   Brown filed no defense to the suit.   At the time the case was tried, it appeared that Maxwell, the husband, was dead.   Brown was offered as a witness by the plaintiff corporation to testify as to the transaction between him and Mr. Maxwell.   Mrs. Maxwell objected on the ground that her husband being dead, and the transaction having been between him as her agent and Brown, the

latter was not competent as a witness. The court ruled that he was competent as a witness, and Mrs. Maxwell excepted.

1. Whether or not Brown was competent as a witness in this case is the principal question to be decided. We have carefully scrutinized the exceptions to the act of 1889, as codified in section 5269 of the Civil Code, as we have done upon other occasions, and we are unable to find anything in those exceptions which would exclude the testimony of the agent of a corporation in regard to communications or transactions had by him with the deceased agent of a firm or individual. The law is so written, and this court and all other courts of this State are directed to make no other exceptions than those expressly stated in the act. *Ullman* v. *Brunswick Title Co.*, 96 *Ga.* 625; *Rosser* v. *Ga. Pac. Ry. Co.*, 102 *Ga.* 164.

2. Brown having testified that the note was given "for fertilizers furnished to the said firm of Brown & Maxwell by the plaintiffs for the purpose of making a crop on their said farm, and said fertilizers were necessary for such purpose," and that he had authorized Maxwell to sign the note for the firm, under the cases of *Selman* v. *Brown*, 78 *Ga.* 332, and *Hymes* v. *Weld*, 91 *Ga.* 742, the evidence warranted the verdict and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*