## 20010.  MANRY *v.* PHŒNIX MUTUAL LIFE INSURANCE CO.

DECIDED SEPTEMBER 6, 1930.    REHEARING DENIED SEPTEMBER 26, 1930.

*B. H. Manry,* for plaintiff in error.    *R. L. Williams Jr.,* contra.

STEPHENS, J.    Phœnix Mutual Life Insurance Company brought suit May 15, 1928, against B. H. Manry, on a note in the sum of $2,500 representing the principal, and on an interest-coupon note in the sum of $150 representing the interest on the principal, each note on its face being due December 1, 1927, together with interest on each note from the date of its maturity, and attorney's fees at 10 per cent. on the principal and interest, as contracted for in the note.    The defendant pleaded payment of the interest represented by the coupon note, and in abatement of the suit pleaded an alleged agreement between him and the plaintiff, made prior to the maturity date of the interest coupon, for and in consideration of the payment of this note by the first day of December, 1927, and other considerations, by which the plaintiff agreed to an extension of the time of payment of the principal note to the first of December, 1928. The defendant pleaded also an alleged tender, made before the return day of the suit, of the amount of the principal note together with interest thereon from its facial maturity date of December 1, 1927.    The jury found for the defendant upon the plea of payment, and found for the plaintiff in the sum of the principal note $2,500, with interest thereon in the sum of $250 from December 1, 1927, to the date of the verdict, and $275 as attorney's fees upon the principal and interest thus found.    The effect of the verdict was to find against the pleas of abatement and of tender.    The defendant made a motion for a new trial, which was overruled, and he excepted.

1.    The alleged agreement extending the time of payment was contained in two letters to the defendant appearing in the record, which read as follows:    (1)    "Mr. Benjamin H. Manry, Goggansville, Georgia.    Dear Sir:    We have your favor of 7th inst., which

we have carefully noted, and in reply have to advise that if you will have remittance in our hands in New York exchange not later than the 10th inst., to cover the interest coupon for $150.00 which matured December 1st, 1926, together with accrued interest thereon from maturity until three days beyond time remittance reaches us, at the rate of 8% per annum, plus $15.00 to cover costs so far incurred in connection with the beginning of action, plus $150.00 to cover coupon maturing December 1st, 1927, which is the due date of the principal, we will arrange for an informal extension in the time of payment of the principal for one year or until December 1st, 1928, on condition that you will dispose of the matter sooner than that date if you can get to it, and will not make any charge in the way of a commission for our services in that connection. As we have heretofore advised you, we have no desire to see you put to any unnecessary trouble or expense or to lose your property, but on the other hand would very much prefer seeing you place the loan in shape so that we will not have to proceed with the action which has been begun, and we are very hopeful that you will be able to have remittance as above outlined in our hands not later than the 10th inst. If it is impossible for you to include in this proposed remittance the coupon for $150.00 maturing December 1st, 1927, we are willing to accept payment of the coupon which matured December 1st, 1926, with accrued interest thereon and the $15.00 costs as above outlined, and wait for payment of the coupon maturing December 1st, 1928 [1927?], until its maturity, and upon payment of same at that time arrange the informal extension for one year as above outlined. Yours truly, [signed] Howard M. Smith & Company, E. B. Redding." Attached to this letter is a postscript reading as follows: "If check reaches us by 9 a. m. of Nov. 11th (N. Y. check), that will be in time." (2) "Mr. Benjamin H. Manry, Goggansville, Ga. Dear Sir: We acknowledge with thanks receipt of your favor of 12th inst. enclosing postoffice money order for $15.00 to cover costs accrued in connection with action recently begun, and that particular action has been definitely dismissed or rather dropped, as suit was not actually ever filed. December 1st is not far off, and we hope you will get remittance here in settlement of the coupon for $150.00 due on that date not later than the 28th inst. at the latest, so as to enable us to have the funds in Connecticut, where they are payable.

promptly by December 1st, as the prompt payment of this coupon will assist us materially in arranging for the one year informal extension in the time of payment of the principal; and please see that the remittance is made in New York exchange. Yours truly, [signed] Howard M. Smith & Company, by E. B. Redding."

Neither of these letters is dated. We assume that these letters contain an offer to extend the date of maturity of the principal, which, if accepted, would constitute a contract. Whether the defendant had paid the interest-coupon note which was due December 1, 1927, payment of which on or before December 1, 1927, or November 11, 1927, according to the proper construction to be placed upon the alleged agreement, would, it is alleged, extend, the maturity date of the principal note for a period of one year, the evidence is silent as to when this note was paid. The burden was upon the defendant to establish the agreement extending the maturity date of the principal note, by showing that the interest-coupon note due December 1, 1927, was paid on or before the date stipulated in the alleged agreement as a condition precedent to the extension of the maturity date of the principal note. Upon the failure of the evidence to show the date of payment of this interest-coupon note, the evidence was insufficient to establish the defendant's plea in abatement, which alleged that the suit on the principal note was prematurely brought, i. e. before its maturity as agreed upon by the alleged extension agreement. And if an agreement was made upon a consideration of the payment of the interest when due, it was a nudum pactum. *Holliday* v. *Poole*, 77 *Ga.* 159 (2).

2. The only evidence adduced in support of the defendant's plea of tender of the amount of the principal note, together with interest thereon from the date of its facial maturity to the date of the tender, was a tender to the plaintiff's attorney of a check drawn by the defendant for the full amount of the principal and interest, in the sum of $2595, upon a bank in which the defendant did not at that time, or ever afterwards as far as the record discloses, have funds sufficient for its payment. The amount of the check included the principal, $2500, and interest in the sum of $95 from December 1, 1927, to May 12, 1928, the date of the alleged tender. This tender, having been made before the "return day" of the term of court to which the suit was brought, viz. May 15, 1928, would, if legal, operate to relieve the defendant of liability for the attorney's

fees provided for in the notes. The plaintiff's attorney, to whom the check was tendered, refused to accept it, upon the ground, among others, that, according to the terms of the contract as expressed in the notes, the indebtedness was payable in gold coin of the United States of the standard of weight and fineness as of the date of the execution of the contract. This refusal to accept the check constituted an objection to the medium of tender, namely, the fact that the tender was made in the form of a check. The tendered check, therefore, having been refused upon the ground that it did not constitute a tender in accordance with the terms of the contract, did not constitute a legal tender, even assuming that it was covered by a sufficiency of funds deposited in the bank. The defendant, however, contends, that, under the customary dealings prevailing between him and the plaintiff, payments by check of moneys due under the contract had been accepted by the plaintiff, and that for this reason the tender by check was a good and valid legal tender. Whatever force there may be in this contention, the plaintiff certainly could at any time have deviated from this custom, and have relied upon its rights under the contract, and have refused a tender which was not made in compliance with the contract, when in so doing the defendant was not placed at a disadvantage. The tender of the check was refused in a letter addressed to the defendant at "Goggans, Georgia," from the plaintiff's attorney at Forsyth, Georgia, as of the date of May 12, 1928, the date upon which the check was tendered. The reasonable inference is that this communication to the defendant, who lived in the adjoining county to the attorney who made it, was received by the defendant within a time sufficient to enable him to make a tender in lawful money to the plaintiff's attorney on or before the return day of the court, namely May 15, three days later, the last day within which a payment avoiding attorney's fees could be made. The defendant certainly must have had sufficient time within this period to withdraw his funds from the bank, if he had any there, and to tender the lawful money to the plaintiff's attorney. It does not appear that after the defendant's check had been refused he made any further effort to effect a tender.

Whatever may have been the right of the defendant, if there had been any, to make a valid legal tender in the form of a check, no tender representing a sum of money due under a contract, whether

made in the actual money or by check, or otherwise, can constitute a valid legal tender unless the thing tendered is of the value of the money which is due. A tender in payment of a debt, in order to be a valid legal tender, certainly must be of something which is of the value of the debt. A tender in counterfeit money certainly would not constitute a valid legal tender. Likewise a check having no value, for lack of sufficient funds to cover it in the bank on which it is drawn, could not constitute a valid legal tender. While it is well settled that failure to object at the time of tender amounts to a waiver of the form of the tender, and the form of the tender can not afterwards be urged as invalidating the tender (Civil Code (1910), § 4322), the principle upon which this rule is based is that the person to whom the tender is made has, at the time, knowledge of the form of the tender; and having this knowledge, his failure to object to the form of the tender amounts to a waiver of the form in which the tender is made. Waiver is necessarily based upon knowledge. While a failure of a person, to whom a tender is made which is in the form of a check, to object to the form, amounts to a waiver of the form, by reason of the fact that the person to whom the tender is made has knowledge of its form, a failure by him to object to its being in the form of a check can not, in the absence of knowledge on his part of the invalidity or worthlessness of the check by reason of an insufficiency of funds in the bank to cover it, even if otherwise it would amount to a waiver of the insufficiency of funds in the bank to cover the check. See, in this connection, *Fenn* v. *Ware,* 100 *Ga.* 563 (28 S. E. 238). A worthless check, therefore, where its worthlessness is unknown to the person to whom it is tendered, can not, on the principle of a waiver even, constitute a valid legal tender of a debt, although the person to whom the check is tendered has waived the fact that the tender is made in the form of a check. It is immaterial that the person tendering a check which is not covered by funds deposited in the bank upon which it is drawn intends to make the check good by a deposit of sufficient funds in the bank before the check is presented for payment, and will do so if the check is presented for payment, and will do so if the check is accepted, and that the check if accepted will be paid. The fact nevertheless remains that the check when tendered is at the time, by reason of an insufficiency of funds in the bank to cover it, of no value, and

for this reason is not a valid legal tender. The check tendered by the defendant, not being at the time covered by a sufficiency of funds in the bank on which it was drawn to meet its payment, and not having been subsequently covered by a sufficiency of funds deposited in the bank, did not constitute a valid and legal tender.

The evidence being insufficient to establish either the defendant's plea in abatement or his plea of tender, the verdict for the plaintiff in the full amount of principal and interest sued for, together with attorney's fees, was demanded, and the court did not err in overruling the defendant's motion for a new trial upon both general and special grounds contained therein.

3. No brief of the evidence appears in the record in this court. The defendant in the trial court, who is the plaintiff in error here, failed to specify the brief of the evidence as a material part of the record, and the clerk of the trial court properly omitted the brief of evidence from the record here presented. As the plaintiff in error appears for himself in this court in propria persona, and has himself prepared the law brief here filed in his behalf, this court can, without injustice to him, adopt, for the purposes of this decision, his own statements as to the contents of the brief of evidence, as contained in his law brief. This we have done, and we have concluded that, under the facts as contended for by him, the judgment of the trial court should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

ON MOTION FOR REHEARING.

The plaintiff in error, in a motion for a rehearing, has requested this court to order that a copy brief of evidence be sent up, and to consider the case in the light of the evidence as it appears in the brief of evidence. In the motion for rehearing it is stated: "In the decision rendered in this case, plaintiff in error respectfully contends that this honorable court has discussed and ruled on evidence that is not in the record of this case, as to no funds being in the bank to pay the check tendered. There is no brief of evidence in the record, and therefore the court has gone outside of the record on file in rendering its decision in said case." The statement of the plaintiff in error that the court has gone outside of the record and "has discussed and ruled on evidence that is not in the record" is not correct where this court treated, to all intents and purposes, as part of the record here presented his own version as to the evi-

dence adduced upon the trial. For some reason the plaintiff in error failed to specify the brief of evidence as a part of the record, but since this court adopted his own version of the evidence, he certainly can not complain, in the absence of a brief of the evidence in the record, that this court for the purpose of the decision adopted his version of the evidence as a correct statement of the evidence adduced upon the trial. The plaintiff in error does not deny that his version of the evidence, which the court adopted, was correct. He does not deny that it appeared from the evidence adduced on the trial that there was not sufficient funds in the bank to cover the check which the plaintiff in error had tendered the counsel for the defendant in error. The quotation just made from his motion is not equivalent to such a denial. It is merely an allegation that this court, when it assumed that his version of the evidence was correct, went outside of the record because the record did not disclose the evidence adduced upon the trial. This court has the power to order a copy of the brief of the evidence sent up as part of the record, and would do so if the court were satisfied that the brief of evidence would disclose a state of facts with reference to the nature of the evidence adduced upon the trial that is different from what this court, in reliance upon the brief of the plaintiff in error, assumed to be the correct version of the evidence. There being no contention in the motion for a rehearing that this court has in its decision misstated the evidence, and since none of the grounds of the motion for rehearing are, in the opinion of this court, meritorious, the motion for a rehearing and for an order of the court that the brief of evidence be sent up is denied.

*Rehearing denied. Jenkins, P. J., and Bell, J., concur.*