## 21161. REED et al. v. KRIEGSHABER & SON INC.

STEPHENS, J. 1. This being a suit to recover the price of building materials alleged to have been furnished by the plaintiff under a contract with one of the defendants, who, it is alleged, was, at the time of the institution of the suit, a member of a partnership composed of himself and the other defendant, to which the defendants interposed a plea of general denial and also a special plea of no partnership, and the evidence authorizing the inference that the materials were contracted for by one of the defendants, viz. R. N. Reed Sr., and were delivered to and received by him, and there being nothing, in the evidence or the record, tending to establish, at the time of the transaction out of which the alleged contract sued on arose, a partnership between this defendant and the other defendant, viz. R. N. Reed Jr., and there being also no evidence tending to connect R. N. Reed Jr. in any wise with the transaction, the verdict found for the plaintiffs against both defendants was authorized as to the defendant R. N. Reed Sr., and unauthorized as to the defendant R. N. Reed Jr.

2. An admission in the law brief filed by counsel for the plaintiffs in error in this court, who were the defendants in the trial court, that an issue arising on a special plea of no partnership had been tried by a different jury and that the result was adverse to the defendants, is an admission as to matter which is outside of the record in the pending case, and therefore can not be accepted by this court as part of the record in this case. *Farmers Bank of Doerun* v. *Avery*, 145 *Ga.* 449 (*b*) (89 S. E. 409; *Shaw* v. *Henderson Lumber Co.*, 141 *Ga.* 47 (5) (80 S. E. 322). This ruling is distinguishable from that in *Manry* v. *Phœnix Mutual Life Ins. Co.*, 42 *Ga. App.* 24 (155 S. E. 43), where an admission made by counsel for the plaintiff in error in his law brief filed in this court was treated as being an admission as to the contents of a portion of the record in that case, which had not been sent up to this court.

3. Although the issue presented by the evidence was whether the materials were furnished and sold to one of the defendants on his own account, for the improvement of a filling station operated by him, or were furnished and sold to the agents of this defendant's landlord, through this defendant as agent, the contents of the lease contract under which the property was leased to this defendant, or the fact of the issuance, by the authorities of the city to the contractor who did the work, of a building permit to the owner of the property, constituted matter which was irrelevant and immaterial to the issue made by the evidence, and was properly excluded from evidence.

4. The judge of the superior court did not err in overruling the certiorari as to the defendant R. N. Reed Sr., by which he sought to review the judgment of the appellate division of the municipal court affirming the judgment overruling the motion for a new trial as to him; but the judge of the superior court did err in not sustaining the certiorari as to the defendant R. N. Reed Jr., by which he sought to review the judgment of the appellate division of the municipal court affirming the judgment overruling the motion for a new trial as to him. See *Comolli* v. *National Cash Register Co.*, 169 *Ga.* 409 (150 S. E. 551).

*Judgment reversed in part and affirmed in part. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931. REHEARING DENIED OCTOBER 1, 1931.

*Neufville & Neufville,* for plaintiffs in error.
*Houston White, John J. Poole,* contra.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

