21648. MAYNARD *v.* RAWLINS *et al.* .

STEPHENS, J. 1. Secondary evidence, such as parol evidence, as to the contents of a written instrument, is sufficient to establish the contents of the instrument; and where it is admitted without objection, a verdict found in a suit to recover upon the instrument is not contrary to the evidence, upon the ground that the contents of the instrument were not proved. *Munroe* v. *Baldwin*, 145 *Ga.* 215 (88 S. E. 947); *Georgia Coast &c. R. Co.* v. *Herrington*, 14 *Ga. App.* 539 (81 S. E. 814).

2 The testimony of a witness delivered at a former trial of the same case between the same parties, when admitted in evidence on a second trial in the absence of the witness, has probative value as original testimony. Civil Code (1910), § 5773.

3. Where on the trial of a suit upon a note, instituted by the transferee against the maker, testimony of a witness delivered on a former trial of a suit upon the same note between the same parties was admitted by agreement of counsel, without objection that it was parol testimony as to the existence of the note and its contents, the verdict for the plaintiff was not subject to the objection that it was without evidence to support it, in that the note had not been produced and introduced in evidence.

4. In a suit against a partnership styled "Pinetucky Development Company," alleged to be composed of T. A. Maynard and R. P. Jackson, to

recover upon a promissory note purporting on its face to have been executed by the partnership by one of the defendants, viz. R. P. Jackson, as partner, where the other defendant, T. A. Maynard, denied the existence of the partnership, denied liability, and averred that the note was the individual undertaking of the defendant Jackson who signed it, and that its execution was a fraud perpetrated by him and the payee upon the defendant Maynard, for the purpose of depriving Maynard of a defense against another note of which the note sued on was executed as a renewal, where there was evidence to authorize the inference that at the time of the execution of the note sued on the defendants had formed a partnership which was to carry on the farming operations of "the Pinetucky Development Company," with which the defendant Maynard had in some way been associated, and that the partnership was engaged in farming operations, that the note sued on was a renewal of a note which some one connected with Pinetucky Development Company had, before the formation of the partnership by the defendants, executed for the purchase-price of a boiler bought for the defendant Maynard "or the Pinetucky Development Company," that by the terms of the partnership agreement the partnership assumed the payment of the note executed for the purchase-price of the boiler, and the "effects belonging to Pinetucky Development Company" should belong to the partnership, and the partner Jackson was given the power "to sign all notes," that the boiler afterwards became part of the assets of the partnership composed of the defendants Maynard and Jackson, that after the execution of the note sued on the defendant Maynard learned of the execution of that note and that it was executed as a renewal of the note given for the purchase-price of the boiler, that he had stated to the payee that he had seen the note sued on while it was in the possession of the payee, and had stated that he intended to pay it, and admitted that the defendant Jackson had authority to execute it, the verdict found for the plaintiff against the defendant Maynard was authorized. *Buckner* v. *Lee*, 8 *Ga.* 285; *Stone* v. *Bancroft*, 30 *Ga.* 860, 863; *Selman* v. *Brown*, 78 *Ga.* 332; *American Exchange National Bank* v. *Georgia Construction &c. Co.*, 87 *Ga.* 651 (13 S. E. 505); *Hymes* v. *Weld*, 91 *Ga.* 742 (17 S. E. 1001); *Silas* v. *Adams*, 92 *Ga.* 350 (17 S. E. 280); *Sibley* v. *American Exchange National Bank*, 97 *Ga.* 126 (25 S. E. 470); *Haskins* v. *Throne*, 101 *Ga.* 126 (28 S. E. 611); *Maxwell* v. *Imperial Fertilizer Co.*, 103 *Ga.* 108 (29 S. E. 597).

5. Since a member of a partnership organized to conduct farming operations may, in a matter in which he has authority to bind the partnership, do so by the execution of a promissory note, he may bind the partnership by executing a note under seal, although his authority to bind the partnership may not have been conferred by an instrument under seal. *Straffin* v. *Newell, T. U. P. C.* 163 (4 Am. D. 705); *Merchants & Farmers Bank* v. *Johnston*, 130 *Ga.* 661 (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546); *Bishop* v. *People's Bank of Calhoun*, 7 *Ga. App.* (N. S.) 432 (67 S. E. 119).

6. Evidence tending to establish a partnership between the two defendants was relevant under the pleadings. The contract between the two defendants which, under the ruling of the Supreme Court in *Maynard* v.

*Jackson,* 159 *Ga.* 20 (124 S. E. 892), construing this same contract, established a partnership, was properly admitted in evidence.

7. Since the defendant Maynard, in his plea and in his testimony, admitted the execution of the written agreement made between the defendants at the time of the dissolution of the alleged partnership and after the execution of the note sued on, which contained a recital that "any contracts made by Jackson for Pinetucky Development Company are not to be disturbed, but the same shall be carried out by T. A. Maynard," this agreement was admissible in evidence as an admission by the defendant Maynard of liability upon the contract sued on which was one "made by Jackson for Pinetucky Development Company." It was immaterial that the defendant Maynard did not at the time know of the existence of the contract sued on.

8. The evidence authorized the inference that the note sued on was a valid and legal obligation, binding upon the defendant Maynard, and had not been paid, the verdict found for the plaintiff against the defendant Maynard and the defendant Jackson was as to the defendant Maynard authorized, and no error of law appears. See, in this connection, *Comolli* v. *National Cash Register Co.,* 169 *Ga.* 409 (150 S. E. 551), and *Reed* v. *Kriegshaber,* 44 *Ga. App.* 63 (160 S. E. 559).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1932.

*Robert L. Russell, Clifford Pratt,* for plaintiff in error.
*Joseph D. Quillian,* contra.