### 24236. HALL v. HEARD.

ARGUED SEPTEMBER 12, 1967—DECIDED OCTOBER 5, 1967.

*L. Earl Jones, Hughes & Hughes, Robert E. Hughes,* for appellant.

*Frank S. Twitty, Jr.,* for appellee.

GRICE, Justice. The grant of a motion for summary judgment

in favor of the seller in a land option contract is for review here. This motion arose from a suit filed in the Superior Court of Baker County by Lee Hilson Hall, the purchaser in the contract, against Jack Lawton Heard, the seller.

The contract, insofar as necessary to recite here, provided that if the purchaser paid to the seller not later than January 1, 1966, all sums that the seller had paid out or would pay out in redeeming the property from the claims of a third party, together with stated interest, the seller would execute to the purchaser all his right, title, interest and claim in and to the property.

The purchaser's petition alleged that, notwithstanding his tender to the seller of the amount due, the seller refused to accept it. It also alleged that he was making a continuing tender to the seller of such amount. The relief sought included specific performance of the contract or, in the alternative, damages for its breach, together with injunction against selling, mortgaging or otherwise disposing of the property.

The seller, by his answer, denied the material allegations of the purchaser's petition.

The seller's motion for summary judgment averred that the record, including the pleadings and his affidavit, showed that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. The motion contended that no tender was made of the amount due under the contract. The purchaser submitted his affidavit in opposition to the motion. Depositions of both parties were taken, and by agreement were used in consideration of the motion.

1. We conclude that there was no valid tender within the terms of the option contract. On neither of the dates involved, Saturday, January 1, 1966, or Monday, January 3, 1966, did the purchaser produce or offer to produce the funds for the purchase price due. On the contrary, in the discussions concerning payment, he indicated that he intended to pay the amount due by such means as a check to be drawn upon a named bank where he admittedly did not have on deposit sufficient money but whose official, he claimed, had authorized him to draw a check in contemplation of a loan to be made subsequently; a draft to be drawn by him on his sister; and a check of a third party for

lease of the peanut allotment on the property. None of these proposals constituted a valid tender. See *Code* § 20-1105; *Venable Bros. v. Riley-Grant Co.*, 117 Ga. 127, 130 (43 SE 428) (by five Justices); *Manry v. Phoenix Mut. Life Ins. Co.*, 42 Ga. App. 24 (155 SE 43).

2. Nor was there an excuse by the seller of the tender required by the contract.

For such excuse the purchaser contends that on January 1, he had "the money" and the seller announced to him that he would not take any money, would not conclude the transaction on that day, but would do so on January 3. He also contends that he had "the money" on January 3, but that the seller on that date introduced a new condition to the contract. The purchaser, for this contention, relies upon such cases as *Miller v. Watson*, 139 Ga. 29 (76 SE 585), which held that if the seller, by his declaration or conduct proclaims that if a tender should be made it would be refused, tender is excused.

However, notwithstanding the purchaser's repeated insistence in his affidavit and depositions that he had "the money," his deposition shows that he did not actually have it on either of those two dates, but that he claimed that the proposed arrangements referred to in Division 1, supra, constituted "the money."

Thus, the facts, as distinguished from the purchaser's conclusions, show that he was not able to perform. See *Jolly v. Jones*, 201 Ga. 532 (2) (40 SE2d 558). And the rule is that "The present ability to make a strict tender is essential to bring the doctrine of waiver into operation, and hence a debtor cannot claim waiver of tender which he could not make for want of funds. . . ." 52 AmJur 217-218, Tender, § 4. See also, 86 CJS 575-576, Tender, § 34. Under these circumstances the purchaser cannot insist that the seller waived tender and thereby obtain the benefits of excuse of tender. He who seeks equity must do equity. *Code* § 37-104.

In view of the above, the grant of summary judgment was authorized.

*Judgment affirmed. All the Justices concur.*