## S89A0130. BUFFINGTON v. SIGLER et al.

(383 SE2d 876)

WELTNER, Justice.

1. Buffington sought to sell real property under a power of sale contained in a deed to secure debt. Sigler offered the highest bid, but rather than tender currency, cashier's check, or certified check, he requested that Buffington receive his personal check. Through the lawyer who was conducting the sale, Buffington agreed to accept the check as tender, providing that it would be paid by the bank upon presentation. Thereafter, Sigler went to the office of Buffington's lawyer to obtain the deed to the property, and the lawyer advised him that the check would not clear the bank. Sigler returned a few minutes later and offered a cashier's check in the proper amount, in substitution for his personal check. After a brief interval, Buffington's lawyer returned both items to Sigler, and announced that the property would be offered for sale again that afternoon. Sigler attended the sale, offered the same amount as his earlier bid, and was outbid by Buffington.

2. Sigler sought specific performance of the first sale. An agent of the bank testified that had Sigler's check been presented on the morning of the sale, it would not have been honored, as several items on deposit had not cleared at that time. A jury found in favor of Sigler, and Buffington appeals the judgment of the trial court ordering specific performance.

3. The sole question in this appeal is whether Sigler complied with the terms of the sale. Clearly, tendering his personal check as payment would not meet the requirement that payment be by United States currencies, cashier's or certified check. OCGA § 9-13-166. In this case, however, Buffington agreed to depart from the strict statutory requirements by agreeing to accept as tender Sigler's personal check, subject to the condition that it would be honored on presentation. The case thus hinges upon the factual issue of whether the check would have cleared, had it been presented on the morning of the sale.

4. The evidence on that point is undisputed. While ultimately Sigler's account may have contained sufficient funds from which to pay the check, that was not the case on the morning of the sale. The bank's agent was unequivocal in her testimony that the check would not have been honored on presentation, and there was no evidence to the contrary. Thus, whatever Sigler may have understood about the honoring of his check, its delivery was an invalid tender because it did not meet the seller's stated condition (i.e., that the check would be paid on presentation) for waiving strict requirements of tender. See *Manry v. Phoenix Mut. Life Ins. Co.*, 42 Ga. App. 24 (155 SE 43)

(1930).[1]

5. Sales under power have critically important legal consequences to creditors, debtors, and bidders. Because there is no judicial supervision of the sale itself, it is of great importance that there be clear procedures, and that they be followed precisely. The rules of tender are strict because they need to be strict. Although a cashier's check is valid tender under OCGA § 9-13-166, no cashier's check was tendered at the sale. The offer by Sigler of the cashier's check later in the morning of the sale could not cure a failure of tender at the time of sale.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Smith, J., who dissent.*

DECIDED SEPTEMBER 28, 1989 —
RECONSIDERATION DENIED OCTOBER 18, 1989.

*Deal & Jarrard, J. Nathan Deal,* for appellant.
*James M. Walters,* for appellees.

---

[1] A tender in payment of a debt, in order to be a valid legal tender, certainly must be of something which is of the value of the debt. A tender in counterfeit money certainly would not constitute a valid legal tender. Likewise a check having no value, for lack of sufficient funds to cover it in the bank on which it is drawn, could not constitute a valid legal tender. [Id. at 29.]