Blue *vs.* Ford.

No. 12.—ARCHIBALD BLUE, plaintiff in error, *vs.* GARRY G. FORD, defendant in error.

[1.] In a *complaint* founded on an account, it was proven by the plaintiff's witness, on the trial, that there was a written contract between the parties, touching the subject matter of the account: *Held,* that the plaintiff could not proceed, and that the defendant was entitled to a non-suit.

Complaint, in Dooly Superior Court. Tried before Judge POWERS. April Term, 1852.

This was an action brought by the plaintiff in error, against the defendant, upon an open account, under the form prescribed by the Act of 1847.

On the trial, it appeared in evidence, that the plaintiff taught school in the year 185–, and the defendant, as executor, had the management of the minor children of James Buckalew, and sent them to school to the plaintiff. It also appeared that the defendant signed " school articles," and that the plaintiff was prevented from teaching the whole time stipulated, by reason of sickness, which latter evidence was rejected by the Court ; and the Court allowed the defendant to take a verdict, on the ground that in Georgia, "where there is a contract either verbal or written, and where the contract has been broken by either of the parties or by providential causes, neither of the parties can treat the contract as null, and sue on a *quantum meruit,* but must sue on the contract, and set out in the pleadings the facts as they exist." Which decision and rulings are assigned as errors.

T. H. DAWSON, for plaintiff in error.

WARREN & FRANKS, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This was a *complaint* on account, according to the form

prescribed by the Act of 1847. To the declaration was appended a bill of particulars, setting forth the defendant's indebtedness to the plaintiff, for the tuition of three children, for six months, at the rate of one dollar per month. Upon the trial, it came out in evidence, from the plaintiff's witness, that the defendant had signed what he (the witness) called school articles. Upon motion, the Court granted a *verdict* for the defendant, upon the ground that there being a special contract in writing between the parties, the plaintiff could not recover upon this complaint on account. We think that the Court ruled right, but erred in its judgment as to the consequences of its ruling. The defendant was not entitled to a *verdict*, but to a *non-suit*. This is a question of pleading. Confining myself to *that*, I shall not attempt to discuss the numerous and subtle distinctions abounding in the doctrine of remedies on contracts. One desirous of gratifying a learned curiosity in regard to them, may find the subject handled with great ability in 2*d Smith's Leading Cases, at page* 1. Analogizing this *complaint*, under our Statute, to an action of *assumpsit* at Common Law, it contains one single count—a count on the account for services rendered as a teacher. When it appeared to the Court in the exhibition of the plaintiff's evidence, that there was a *written contract* which defined the rights and obligations of the plaintiff and the defendant, the action could proceed no farther; not that the plaintiff was necessarily held to a recovery on that alone, but because it was indispensable for it to be brought before the Court. It could not be given in evidence under the one count in the complaint. If this complaint had been made on the contract, the plaintiff no doubt might have recovered on a *quantum meruit* proof; as he could, according to the Common Law pleadings with a count on the contract, and a *quantum meruit* count. Because we have held that when a plaintiff has rightly selected his remedy under the Act of 1847, the pleadings which are necessary, according to the Common Law rules, are, by legal contemplation, in his complaint. (See *Cameron vs. Moore and Wife*, 10 *Geo. R.* 368.) That is to say, if this *complaint* had been on the contract, a count on a *quantum meruit* would have

been presumed, and the proofs admitted under it. However alien this to all our habitudes of legal thought and action, before the Act of 1847, it is clear that the Legislature meant no less, when they passed that Act. But no construction, in favor of *facility* in pleading, which we are at liberty to adopt, will authorize us to substitute for a wrongly adopted form, the form which is right under that Act, and then to go one step farther, and to imagine all the requisite counts in it, which at Common Law are necessary to enable the plaintiff to recover.

We affirm the judgment, and direct that the verdict be set aside and a *non-suit* entered. It is not a case where the plaintiff is to be precluded by a verdict.