5843. PHENIX INSURANCE COMPANY OF BROOKLYN *v.* JONES.

BROYLES, J.  1. The insurance policy sued upon contained the following clause: "This entire policy shall be void  .  .  in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." While there were some misstatements by the plaintiff in her sworn statement to the company, made shortly after the fire, as to the value of some of the personalty destroyed, and as to what articles had been removed from the house before the fire, it was not shown that these misstatements were wilfully or intentionally made for the purpose of defrauding the company; for the evidence abundantly showed that the personalty which was in the house at the time of the fire, and which was destroyed therein, exceeded the amount of insurance upon all the personalty.

2. The policy contained also the following clause: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and, in that event, for damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon." The evidence showed that before the fire, on several different occasions, the plaintiff's house had been considerably damaged by explosions of dynamite, thrown or placed by an unknown person, or persons; but it was not shown by any evidence that these outrages were committed by more than one person, and, under the law, it requires the participation of more than one person to constitute a riot.

3. While the evidence showed that these different explosions of dynamite had considerably damaged the dwelling, the great preponderance of the evidence was to the effect that the house, even after such damage, was worth considerably more than the amount it was insured for.

4. There was a clause in the policy which rendered it void if the building or any part thereof fell, except as a result of fire. The testimony for the plaintiff, however, showed that no substantial or material part of the building had fallen, and that it had not become untenantable, and that the plaintiff had not abandoned it as a place of residence, before the fire occurred.

5. The evidence as to whether the building was destroyed by the fire, or by an explosion of dynamite which occurred a few minutes before the fire, was conflicting and uncertain, but the finding of the jury, that the proximate cause of the destruction of the building was the fire, was authorized.

6. While there were some slight errors in the charge of the court, yet the excerpts complained of, when considered in connection with the entire charge and construed in the light of the evidence in the case, do not contain any error of sufficient materiality to require the grant of a new trial. Substantial justice has apparently been done in this case, and the verdict was authorized by the evidence.

7. It not being apparent that this cause was brought up for delay only, the request of counsel for defendant in error that 10 per cent. damages be awarded is denied. *Judgment affirmed.*

DECIDED MAY 4, 1915.

Action on insurance policy; from Hart superior court—Judge Meadow. May 19, 1914.

*J. H. & Parke Skelton, Slaton & Phillips,* for plaintiff in error.
*Worley Adams, J. N. Worley, A. G. & Julian McCurry,* contra.