## 8018. PICKERT *v.* JONES.

GEORGE, J. 1. "A justice's court has no jurisdiction of a suit brought to foreclose a lien on real estate for work done or for material furnished in the improvement of the same." *McAuliffe* v. *Baum,* 142 *Ga.* 590 (83 S. E. 239).

2. Where an owner of real estate is sued in a justice's court for the price of material used by the defendant in the improvement of the property, and in the same suit the plaintiff claims a lien on the real estate and prays for both a general judgment against the defendant and a special judgment against the property, that part of the petition which relates to the lien will be regarded as surplusage.

3. Where on the trial of such a case the plaintiff introduced a way-bill showing that the material was shipped to the defendant, and testified that he "furnished the material as per itemized bill and shipped to" the defendant, and that he "made repeated efforts to collect the bill, but it has not been paid," and there was no other evidence in the case, it can not be held that the evidence demanded a verdict for the plaintiff. The suit was upon an implied contract to pay for material furnished to the defendant, and the itemized statement attached to the suit enumerated the material, but did not fix the value thereof. Although it was undisputed that the material was shipped to the defendant, there was no proof that it was ordered or accepted by her, or that she was bound to accept it, or that it was used for the improvement of her property, either with or without her knowledge or consent; and the evidence for the plaintiff wholly fails to show the value of the material, or to furnish any data from which its value might be inferred. Accordingly, the judge of the superior court did not err in sustaining the certiorari sued out by the defendant and in granting her a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED MARCH 16, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 10, 1916.

*R. B. Blackburn, C. F. Wells,* for plaintiff.

*Joseph W. & John D. Humphries,* for defendant.