## 10643.   THOMAS N. BAKER LUMBER COMPANY *v.* ATLANTIC MILL & LUMBER COMPANY.

STEPHENS, J.   1. Although, in a suit upon indebitatus assumpsit, a non-suit is proper where it appears from the plaintiff's evidence that there was a written contract between the parties which defined their rights and obligations touching the subject-matter of the suit (*Blue* v. *Ford,* 12 *Ga.* 45), yet where in such a suit for the price of goods sold the only evidence of a written contract between the parties was that the goods were sold on various written orders of the defendant and written acceptances of the plaintiff, that the obligations on the part of the plaintiff were performed, and that the goods ordered and accepted were not paid for, it was error to grant a nonsuit.   See *Southern Printers' Supply Co.* v. *Felker,* 125 *Ga.* 148 (54 S. E. 193).

2. While it is true that in this case the written orders and acceptances were not introduced in evidence and were shown only by oral testimony, this testimony was unexcepted to when offered, and no motion was made to rule it out.   "If secondary evidence . . is admitted without objection, it is to be considered as evidence, and a charge or verdict may be based upon it; and such verdict will not be set aside as being unsupported by the evidence."   *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947).   As the evidence admitted made a prima facie case for the plaintiff, it was error for the trial judge to grant a nonsuit.
          *Judgment reversed. Jenkins, P. J., concurs.   Smith, J., dissents.*
                         DECIDED FEBRUARY 9, 1920.

Complaint; from city court of Albany—Judge Clayton Jones. May 13, 1919.

*Guy O. Buckner, Peacock & Gardner,* for plaintiff.

*Milner & Farkas,* for defendant.

SMITH, J., dissenting.   I cannot agree with the decision of the majority of the court, for, under my view of the law, if a suit is brought upon an account, and the defendant files a general denial, and upon the trial of the case the plaintiff's evidence shows that the account consists of a number of items and balances on different

bills for merchandise, all growing out of written orders and acceptances, the burden is upon the plaintiff to introduce in evidence these written contracts and show a compliance with them, and upon his failure to make such proof a nonsuit is proper. "In a complaint founded on an account, it was proven by the plaintiff's witness, on the trial, that there was a written contract between the parties, touching the subject-matter of the account: *Held,* that the plaintiff could not proceed, and that the defendant was entitled to a nonsuit." *Blue* v. *Ford,* 12 *Ga.* 45. There is in my opinion a clear distinction between the case at bar and the cases cited in the majority decision. See *Southern Cotton Oil Co.* v. *Farkas,* 23 *Ga. App.* 413 (98 S. E. 411). It clearly appears from the *Ford* and *Farkas* cases, supra, that when the plaintiff's own testimony showed that the account was based upon a written contract, the burden was upon him to produce and introduce such contract, and then prove to the satisfaction of the court and jury that he had complied with his contract and that nothing remained to be done except the payment of the money.