## AMERICAN INS. CO. v. JASS et al.

Circuit Court of Appeals, Fifth Circuit.
December 1, 1927.

No. 4957.

1. Insurance ⚖=335(3)—Provision of iron safe clause respecting inventories and keeping of accounts of business held sufficiently complied with.

Iron safe clause, requiring insured to keep itemized inventory and complete record of business transacted from date of inventory, *held* sufficiently complied with where inventory and accounts kept enabled accountant to accurately determine amount of goods on hand at time of fire.

2. Insurance ⚖=553(1)—Unintentional false swearing to affidavit respecting shipments held not to preclude recovery on fire insurance policy.

In partnership action on fire insurance policy, unintentional mistake of one of partners in making affidavit as to shipments in which five carloads of merchandise were omitted from

list of shipments *held* not to preclude recovery; the false swearing not having been willful.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by Samuel Jass and another against the American Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Daniel MacDougald and Haines H. Haorgrett, both of Atlanta, Ga. (Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for plaintiff in error.

Reuben R. Arnold, Lowry Arnold, and B. P. Gambrell, all of Atlanta, Ga., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendants in error, a partnership composed of Samuel Jass and Moses Jass, doing business under the firm name of Jass Manufacturing Company, hereafter referred to as the insured, were in the business of buying and selling cotton waste and low grade cotton from cotton mills, gins, and oil mills, with a warehouse in Atlanta, Ga. Practically all of their transactions were in carload lots, and there were not over 50 of these a year. They employed no bookkeeper, and one of the partners kept the books. On May 6, 1925, a fire destroyed the Atlanta warehouse for a total loss.

Plaintiffs in error, hereafter called the insurer, had issued seven policies of insurance on the said stock of cotton aggregating $13,333.33. The insurer declined to pay, setting up a breach of the standard "iron safe clause" which the policies contained, and also that, after the loss, one of the partners, Samuel Jass, had made a false affidavit as to shipments from Atlanta to Philadelphia, in which five carloads of merchandise were omitted from the list of shipments. This would also void the policies.

At the close of the evidence the insurer moved for a directed verdict on the above-stated grounds, which was overruled, and the case went to the jury, with the result that a verdict for $13,333.33 principal, and $700 interest, was returned. A motion for a new trial was refused, but a remittitur was required, reducing the judgment finally entered to $12,261.33 principal, and $647, interest. Error is assigned to the refusal to direct a verdict.

[1] Briefly stated, so far as applies to this case, the "iron safe clause" requires the insured to take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless one had been taken within 12 calendar months prior to the date of the policy, to take one within 30 days of the issuance of the policy; and the insured is required to keep a set of books which will clearly and plainly present a complete record of business transacted from the date of the inventory. Failure to comply with this clause voids the policy.

It is contended that there was a breach of the iron safe clause because the inventory and books do not comply with the warranty of themselves and therefore their sufficiency was a question for the court and should not have been submitted to the jury. It appears that the insured had made three inventories, one on January 1, 1924, one on June 26, 1924, and one on December 22, 1924. The policies were issued between May 26, 1924, and April 20, 1925, so that the inventories were sufficient to conform to the warranty in point of time.

As might be expected where a regular bookkeeper was not employed, the inventories and the books were somewhat crude and ambiguous. Samuel Jass testified as to the methods of doing business and keeping the books, and also that the books had been turned over to Pennington, an expert accountant recommended by the insurer, to make a statement. Pennington testified in substance that the books checked accurately with the railroad records and evidence from other sources, and were sufficient to enable him to determine accurately the amount of goods on hand at the time of the fire. The record does not show any objection to the testimony of these witnesses.

[2] Regarding the affidavit of Samuel Jass, while it was in fact inaccurate, there was other evidence tending to show that he was simply mistaken and did not willfully swear falsely. Under the circumstances above disclosed it was not error to submit the case to the jury under proper instructions.

Error is also assigned to the refusal to give certain special instructions requested. It is unnecessary to set these out in detail. It is sufficient to say that in the general charge the court correctly and fully instructed the jury on the law applicable to the case, and was not required to give the requested instructions additionally.

We find no reversible error in the record. Affirmed.