26891. RUSSELL *v.* PITTMAN.

DECIDED NOVEMBER 10, 1938.

J. L. Flemister, for plaintiff.

Joseph Jacobs, John B. McCallum, for defendant.

STEPHENS, P. J. 1. A person who, upon an inspection of a written instrument in a light, and upon an observance of its contents, where the instrument on its face purports to be a contract for sale of personalty, executes it, can not afterwards avoid it as a contract of sale, solely upon the ground that it was represented to him by the opposite party at the time of signature that the paper constituted only a receipt for personal ·property. No fraud was perpetrated upon him, and he knew the contents of the paper when he signed, or could have done so by due diligence.

2. Where the owner of personal property delivers it to another person for the purpose of effecting a sale thereof, and the latter afterwards executes to the owner a written contract for the sale of the property which is on a printed paper with the description of the property and terms of sale left blank, the signer impliedly authorizes the owner to fill in the blanks with the description of the property and terms of the sale. *Kiker* v. *Broadwell*, 30 *Ga. App.* 460 (4) (118 S. E. 759).

3. Where after the execution of the contract the owner of the property, as the seller, brings suit against the signer of the instrument, as the purchaser, to recover an alleged balance due on the contract of sale, and the defendant admits the execution of the contract and defends against the suit solely upon the ground that he was induced by the seller to sign the contract under the representation by the seller that the paper which the defendant signed was a receipt for the property, and therefore that the alleged contract sued on did not constitute a valid contract of sale, where it appeared from the evidence, construed most strongly in favor of the defendant, that the property in question, which was a refrigerator, was delivered by the plaintiff to the defendant with a view of effecting a sale of the property to the defendant, and the defendant was allowed to demonstrate the property, that several days afterward the plaintiff asked the defendant to sign a written receipt for the property, and took up from the defendant the defendant's old refrigerator which it is contended by the plaintiff was taken as a down payment by the defendant upon the purchase-price of the

refrigerator, that the defendant, when he was requested to sign the receipt, inspected it in a light and saw that it contained printed matter, which is the printed matter in the contract of sale sued on, but observed that blank spaces in the contract were not filled out, and where it appears conclusively without dispute that the printed matter in the paper which the defendant signed, and which was on the paper when he signed it, constituted a contract of sale, and is the contract sued on, that the paper was not a receipt for property, and that there is no dispute as to the terms of the sale, and no dispute as to the correctness of the amount sued for, assuming that the property had been sold, it appears conclusively and as a matter of law that the defendant bought the property under the terms of the contract as it appeared, and was indebted to the plaintiff in the amount sued for. A verdict and judgment for the plaintiff was demanded as a matter of law, and the verdict for the defendant was unauthorized and without evidence to support it. The appellate division of the municipal court of Atlanta erred in affirming the judgment of the trial judge in that court, overruling the plaintiff's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*