33753.   CUMMINGS *v.* STATE OF GEORGIA.

DECIDED OCTOBER 4, 1951.

*Hicks & Culbert,* for plaintiff in error.

*John W. Davis, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code (Ann. Supp.) § 58-207, providing for the seizure of contraband vehicles, contains in subparagraph (g), as to the intervention of parties at interest, the following: "The holder of any bona fide lien on the property so seized shall be protected to the full extent of his lien; Provided such holder shows that the illegal

use of the property was without his knowledge, connivance or consent, express or implied." The State in its pleadings admitted that the owner was unknown to it. Facts alleged in a pleading are available to the adversary as admissions without offering the same in evidence. *East Tenn. Va. & Ga. Ry. Co.* v. *Kane,* 92 *Ga.* 187 (18 S. E. 18). The State did not offer evidence for the purpose of showing that Cummings was not the owner, nor did any evidence offered by Cummings tend to disprove his claim. It is therefore necessary only to inquire whether the claimant introduced sufficient evidence to support his contention that he was a bona fide lien holder, since, if so, it was error to find contrary to the claim. The best evidence of his lien was the bill of sale which was excluded, but parol testimony of three witnesses fully described the entire transaction, the existence and contents of the bill of sale, the subsequent addition of the motor number, the reason for its addition at a later date, and its correctness. As stated in *Maynard* v. *Rawlins,* 45 *Ga. App.* 91 (1) (163 S. E. 269): "Secondary evidence, such as parol evidence, as to the contents of a written instrument, is sufficient to establish the contents of the instrument; and where it is admitted without objection, a verdict found in a suit to recover upon the instrument is not contrary to the evidence upon the ground that the contents of the instrument were not proved. *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947); *Ga. Coast &c. R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (81 S. E. 814)." See also *Thos. N. Baker Lumber Co.* v. *Atlantic Mill & Lumber Co.,* 24 *Ga. App.* 749 (2) (102 S. E. 135). The evidence on behalf of the claimant was sufficient to support a judgment in his favor, and, there being no evidence to the contrary, it was error for the trial court, sitting without a jury, to find against the claim.

■ The fact that the bill of sale in this case was improperly recorded, as contended by the solicitor, does not affect this ruling, since it is not necessary as a condition precedent for the intervenor in a condemnation proceeding to have recorded the instrument upon which his claim is based. See *State of Ga.* v. *McRee,* 83 *Ga. App.* 284 (supra).

■ The fact that the motor number was inserted after the execution of the instrument does not vitiate it, since the evidence is undisputed that this was done by consent of the parties

thereto. *Russell* v. *Pittman,* 58 *Ga. App.* 682 (199 S. E. 767). The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*