## 34208.   WOLFE *v.* BROWN-WRIGHT HOTEL SUPPLY CORPORATION.

DECIDED OCTOBER 17, 1952.

*I. A. Blanch,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* contra.

SUTTON, C.J.   Considered as an action of assumpsit for the reasonable value of goods sold without an agreed price, this case

was properly terminated by a nonsuit because there was no evidence of the value of the goods or data from which such value could have been inferred. See *Pickert v. Jones*, 19 *Ga. App.* 488 (91 S. E. 908). Of course, a suit on an open account may be maintained for the price of goods sold under a contract where the price has been agreed upon by the seller and purchaser and where the seller has performed his part of the agreement and nothing remains to be done except for the purchaser to make payment. *Chatham Abattoir &c. Co. v. H. K. Painter &c. Co.*, 28 *Ga. App.* 383 (111 S. E. 82). If any such contract was entered into by the parties here, then what were the provisions of the contract with respect to the price of the goods shown to be? The invoice, a copy of which was attached to the petition, was not introduced in evidence. While secondary evidence of the contents of a writing (if admitted without objection) is sufficient to support a verdict (*Maynard v. Rawlins*, 45 *Ga. App.* 91, 163 S. E. 269; *Thomas N. Baker Lumber Co. v. Atlantic Mill & Lumber Co.*, 24 *Ga. App.* 749 (2), 102 S. E. 135), the evidence of the contents of the invoice in the present case was too uncertain and indefinite to support a verdict as to what was alleged to be a certain and fixed amount. The plaintiff's assistant testified: "At the moment I don't remember the amount due Harry M. Wolfe. I have to check that. I would say around $250. I have charge of the books and records of Harry M. Wolfe. I assist in the control of them. I don't have a copy of the invoice. As nearly as I can remember it is approximately $250." While the correspondence offered as evidence fails to show that there was any dispute between the parties over the price, still no mention of any price was made in the letters. The price was one of the essentials of the contract (Code § 96-101) giving rise to the alleged indebtedness, which was denied by the defendant in its answer, and proof of the price, as the amount sued for, was necessary to prove the case as alleged. The evidence was insufficient to establish that the defendant owed the plaintiff any definite amount, as the contract price of the goods or as the market value of the goods, and therefore the nonsuit was proper. *McCoy v. Meador*, 140 *Ga.* 253 (78 S. E. 848); *Sapp Brothers v. Mathis*, 12 *Ga. App.* 273 (77 S. E. 102).

Concerning the exception to the court's refusal to admit in evidence some of the correspondence between the parties, the evidence so excluded, if it had been admitted, would not have rendered the judgment of nonsuit erroneous, and so this ruling, having no effect on the final judgment, need not be considered.

*Judgment affirmed. Felton and Worrill, JJ., concur.*