69161. ALLSTATE INSURANCE COMPANY v. BAUGH et al.
(327 SE2d 576)

POPE, Judge.

On November 27, 1981 the home and its contents owned by ap-

pellees Fannie E. Baugh and her son Robert Baugh, Jr. were destroyed by fire. Also, an automobile owned by Robert Baugh was extensively damaged as a result of the fire. Appellees made claims for recovery on two insurance policies issued to them by appellant Allstate Insurance Company — a homeowners policy covering the home and its contents, and an automobile policy covering the automobile. Following an investigation of the fire and the losses claimed by appellees, Allstate denied the claims. Appellees brought this action against Allstate seeking recovery of their losses under the subject policies and also seeking damages for bad faith and attorney fees. This case was tried before a jury which returned a verdict in favor of appellees as to their losses but included no damages for bad faith or attorney fees. Allstate brings this appeal from the judgment entered on the jury verdict.

1. Allstate's first enumeration of error alleges that the trial court improperly denied its motion for directed verdict as to the homeowners policy because the evidence showed as a matter of law that appellees wilfully and intentionally made false statements for the purpose of defrauding Allstate, thus rendering the policy void. The subject homeowners policy provided: "This policy is void if any insured person intentionally conceals or misrepresents any material facts or circumstances, before or after loss." Allstate bases its allegation here on the patent discrepancies and inconsistencies in various lists of personal property by which appellees attempted to prove their loss. However, the record discloses, and Allstate admits, that appellees denied any intent to mislead or defraud Allstate. Appellees offered explanations for the inconsistencies which affirmatively negated any intentional misrepresentation. In the face of such an obvious conflict in the evidence, the trial court properly denied Allstate's motion for directed verdict on this ground. OCGA § 9-11-50 (a); see *Liverpool &c. Ins. Co. v. Stuart*, 67 Ga. App. 184 (12) (19 SE2d 822) (1942); see also *Schmutz v. Employees' Fire Ins. Co.*, 76 F2d 119 (2nd Cir. 1935). Furthermore, "[w]hile there were some misstatements by the [appellees] in [their] sworn statement to the company, made shortly after the fire, as to the value of some of the personalty destroyed, and as to what articles had been removed from the house before the fire, it was not shown that these misstatements were wilfully or intentionally made for the purpose of defrauding the company; for the evidence abundantly showed that the personalty which was in the house at the time of the fire, and which was destroyed therein, exceeded the amount of insurance upon all the personalty." *Phenix Ins. Co. v. Jones*, 16 Ga. App. 261 (1) (85 SE 206) (1915). See also *Pooser v. Norwich Union Fire Ins. Soc.*, 51 Ga. App. 962 (6) (182 SE 44) (1935).

2. Allstate next assigns error to the denial of its motion for directed verdict on the ground that the actions of appellee Robert

Baugh voided the subject automobile policy. Allstate asserts that Mr. Baugh admitted misrepresenting the purchase price of the automobile when he applied for insurance thereon, and that he later obtained an increase in coverage through misrepresenting improvements he had made on the automobile. Our review of the record discloses no such "admissions." To the contrary, the evidence shows that Mr. Baugh was entirely frank as to the value (and operability) of the automobile and as to the value of the improvements made thereon when applying for the subject insurance coverage. The only relevant admission made by Mr. Baugh was that he mistakenly testified on deposition as to the extent of certain improvements which had been made on the automobile. In any event, Allstate offered no proof at trial, only unfounded assertions on appeal, that the alleged "misrepresentations" in any manner materially affected the risk it assumed by issuing the subject policy. Therefore, the issue presented here is controlled adversely to Allstate by the holding in *Firemen's Ins. Co. v. Parmer*, 51 Ga. App. 916 (1) (181 SE 880) (1935): "A misrepresentation by an assured as to the actual cost price of an automobile, in a fire-insurance policy issued thereon, where the policy provides for payment of damages to be ascertained by the actual value of the property at the time of the loss, is not, under the facts of this case, such a material misrepresentation as will avoid the policy." Compare *Sentry Indem. Co. v. Brady*, 153 Ga. App. 168 (264 SE2d 702) (1980). The trial court did not err in denying Allstate's motion for directed verdict on this ground.

3. In its third enumeration Allstate cites as error the trial court's charge to the jury of OCGA § 33-32-5 on the ground that such charge was not authorized by the evidence. Based on this statute, the trial court charged: "[W]henever any policy of insurance shall be issued to a natural person or persons insuring a specifically described one or two-family residential building or structure located in this state against loss by fire, and said specifically described building or structure shall be wholly destroyed by fire without fraudulent or criminal fault on the part of the insured, or one acting in his behalf, the amount of insurance set forth in the policy relative to said building or structure shall be taken conclusively to be the value of the property, except to the extent of any depreciation in value occurring between the date of the policy, or its renewal, and the loss. These provisions shall not apply where the building or structure is not wholly destroyed by fire." Allstate argues that the evidence at trial established that appellees' home was not "wholly destroyed by fire." Suffice it to say that our review of the record on appeal as to this issue discloses, as was the case in Divisions 1 and 2 of this opinion, that the evidence was in conflict. There being at least some evidence of record that appellees' home was totally destroyed, the trial court's charge based on OCGA § 33-32-5 was proper. See generally *Brown v. Matthews*, 79 Ga.

1 (2) (4 SE 13) (1887). It follows that the jury's verdict awarding the full dwelling coverage limits of the subject homeowners policy at the time of the fire was also proper. See 45 CJS Insurance, § 916; see also 45 CJS Insurance, § 913 (a).

4. Allstate next asserts that the jury's award of $3000 under the additional living expense coverage of the homeowners policy was not authorized by the evidence. The policy provided: "We will pay the reasonable increase in living expenses necessary to maintain your normal standard of living while you reside elsewhere, when a loss we cover makes your residence premises uninhabitable. Payment shall not exceed nine consecutive months from the time of loss. . . ." The only evidence of record upon which to predicate a recovery under this policy provision shows that the appellees rented a mobile home in which to live for $350 per month. Because appellees' home was paid for, this entire monthly amount was recoverable under the policy as an increase in living expenses necessary to maintain their normal standard of living. However, the evidence conclusively shows that this expense was incurred in only four of the nine months for which coverage was provided. Any "recovery should be limited to events or losses within the coverage, so far as suit upon the policy is concerned." *Travelers Indem. Co. v. Cumbie*, 128 Ga. App. 723, 728 (197 SE2d 783) (1973). Since only $1400 was proven as recoverable under this policy provision, appellees are directed to strike $1600 from this recovery, otherwise this portion of the judgment is reversed. See generally *Glennville Hatchery v. Thompson*, 164 Ga. App. 819 (5) (298 SE2d 512) (1982).

5. The trial court fully charged the jury on the principles of law applicable to Allstate's defense of misrepresentation. " 'Failure to charge in the exact language requested, where the charge substantially covered the same principle, is no longer a ground for a new trial. . . .' [Cit.]" *Bailey v. Todd*, 126 Ga. App. 731, 735 (191 SE2d 547) (1972), cert. den., 409 U. S. 113 (1973). Therefore, Allstate's fifth enumeration of error has no merit.

6. Allstate's final enumeration cites as error the trial court's refusal to give its requested charge No. 23 which in essence would have cautioned the jury not to base its verdict on sympathy for or prejudice against either of the parties. "In *Powers v. State*, 138 Ga. 624 (5) (75 SE 651) [(1912)], the Supreme Court made it clear that in an appropriate and proper case cautionary instructions as to prejudice should, if requested, be given in charge to the jury. In *Johnson v. State*, 128 Ga. 102 (2) (57 SE 353) [(1907)] there is an equally clear pronouncement that a charge of that nature, though invoked by a written request, should not be given if not adjusted to the facts revealed by the record. The text of the *Johnson* case reads: 'Where nothing in the record indicates that any improper circumstance was

injected into the case, and the charge of the court fully and accurately instructed the jury on the issues involved, a new trial will not be granted because of the refusal of the court to give a cautionary request. . . .'" *Emory Univ. v. Lee*, 97 Ga. App. 680, 698 (104 SE2d 234) (1958). Our review of the record on appeal discloses nothing, and Allstate has cited nothing, calculated to arouse the sympathy or prejudice of the jury, but Allstate supports this allegation of error merely by asserting that sympathy "can arise" in a case such as this involving individuals against an insurance company. We find this assertion wholly unpersuasive. "Where there is nothing either in the record or in the evidence or argument before the court that necessitates such instructions[,] they are not appropriate." *Southern R. Co. v. Grogan*, 113 Ga. App. 451, 457 (148 SE2d 439) (1966). We therefore find no merit in this final enumeration of error. See generally *Bailey v. Todd*, supra at (14). Compare *City of Jesup v. Spivey*, 133 Ga. App. 403 (4) (210 SE2d 859) (1974); *Butler v. Kane*, 96 Ga. App. 521 (3) (100 SE2d 598) (1957).

The judgment of the trial court is affirmed with direction that appellees write off the sum of $1600 from their recovery of living expenses under the homeowners policy within 30 days of the receipt of the remittitur in this case; otherwise this portion of the judgment is reversed.

*Judgment affirmed with direction. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1985.

*Dennis J. Webb, Brian A. Boyle*, for appellant.
*Hubert E. Hamilton III, Lindsay H. Bennett, Jr.*, for appellees.