75039. BARBER v. WAUSAU UNDERWRITERS INSURANCE COMPANY.
(362 SE2d 109)

SOGNIER, Judge.

Eugene Barber brought suit against Wausau Underwriters Insurance Company to recover proceeds under a homeowner's insurance policy for fire damage he sustained to his house and personalty. Wausau answered and counterclaimed, the major claim of which was decided on motion for summary judgment and is not before this court. The jury, in the trial of the case, by means of special interrogatories, returned a verdict finding that Barber "acted fraudulently or failed to comply with the conditions of the contract of insurance," thereby voiding the insurance contract. Judgment on the verdict was entered in behalf of Wausau and Barber appeals from the trial court's denial of his motions for a new trial and to set aside the judgment.

Appellant contends the trial court erred by denying his motions made on the general grounds. " 'We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cit.] Where the testimony of the plaintiff and the defendant is in conflict, the jury is the final arbiter [cit.], and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cits.]' [Cit.]" *Concrete Constr. Co. v. City of Atlanta*, 176 Ga. App. 873, 874 (2) (339 SE2d 266) (1985).

There was testimony at trial that appellant refused to provide appellee with complete copies of his income tax returns as requested by appellee and refused to execute forms which would have allowed

appellee to obtain copies of those documents from the federal and state governments. There was evidence that the damage to appellant's home and property, for which he asserted a claim of $120,137.58, amounted to only $25,000. There was also evidence that appellant included in his claim under the policy with appellee items that were primarily insured by a third-party insurance company.

We find this and other evidence in the transcript sufficient to support the jury's verdict that appellant either acted fraudulently or else failed to comply with the insurance policy provisions. Although appellant asserts that the judgment was contrary to law, citing *Allstate Ins. Co. v. Baugh*, 173 Ga. App. 615, 616 (1) (327 SE2d 576) (1985), that case fails to support appellant's position. In *Baugh*, we affirmed the trial court's denial of the insurer's motion for directed verdict because there was a conflict in the evidence whether the insureds intended to mislead or defraud the insurer. Id. at 616 (1). The court there pointed out, by citation to a 1915 case, that the discrepancy between the value of the damaged personalty and the face amount of the policy (the former far exceeding the latter) constituted further evidence indicating a conflict in the evidence as to the insureds' intent. In the case sub judice, however, the conflict in the evidence (which included testimony that the true value of the damages claimed had been inflated far in excess of the face value of the policy) was properly before the jury. Thus, we cannot say the trial court erred by denying appellant's motions for a new trial and to set aside the judgment. See generally *Citizens Jewelry Co. v. Walker*, 178 Ga. App. 897, 898 (2) (345 SE2d 106) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 7, 1987.

*Michael C. Clark*, for appellant.
Eugene Barber, *pro se.*
*R. Dennis Withers*, for appellee.