## 76134. LANSDOWN INVESTMENTS OF GEORGIA, INC.
## v. WILSON.
### (370 SE2d 666)

McMURRAY, Presiding Judge.

Johnny Wilson, individually and d/b/a Wilson's Plumbing and General Repairs (plaintiff), brought an action against The Lansdown Investments of Georgia, Inc., d/b/a The Limelight (defendant), seeking to recover damages stemming from defendant's alleged refusal to pay for materials and services provided by plaintiff at defendant's place of business. The evidence at a bench trial showed that plaintiff and defendant entered into an agreement whereby plaintiff was to install plumbing equipment and fixtures at defendant's restaurant. In return, defendant was to pay plaintiff $45 per hour for installing the materials. No agreement was made with regard to the amount defendant was to pay for the materials provided by plaintiff. However, after plaintiff began performing the contract, defendant paid several receipts wherein plaintiff charged defendant "retail" price for the materials.

Although plaintiff provided the materials and installed them in accordance with the parties' agreement, defendant removed plaintiff from the project before it was completed, acquired another plumber to complete the plumbing work and refused to pay plaintiff's final bill, which reflected work completed and materials provided on the project. From this and other evidence adduced at trial, plaintiff was awarded a judgment "in the sum of $4,621.06 plus 12 percent interest from December 2, 1983, in the amount of $2,034.81 plus $28.00 costs of court." Defendant now appeals. *Held*:

1. Plaintiff has filed several motions to dismiss this appeal, all of which this court has considered, and the same are hereby denied.

2. In its first enumeration of error, defendant contends the verdict was contrary to law because the evidence showed that the amount defendant was to pay for materials and services was too vague to support an enforceable agreement.

"[W]here . . . the judge sits as the trier of fact his findings shall not be set aside 'unless clearly erroneous.' Code Ann. § 81A-152 (CPA § 52; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171 [now OCGA § 9-11-52]; *City of Atlanta v. McLennan*, 240 Ga. 407 (2) (240 SE2d 881)." *Nodvin v. Krabe*, 160 Ga. App. 310, 312 (2) (287 SE2d 236). In the case sub judice, plaintiff testified that defendant agreed to pay him $45 per hour for installing the plumbing equipment and fixtures and, while there was no agreement as to the price defendant was to pay for the materials, plaintiff testified that he charged "retail" price for the materials and that "retail" price is what he normally charges for materials under similar circumstances. This evidence was sufficient to support the trial court's findings. (See OCGA § 11-2-305, with regard

to plaintiff's right to recover the "reasonable price" of the materials absent a specific agreement as to price. Compare *Wolfe v. Brown-Wright Hotel &c. Corp.*, 87 Ga. App. 12 (73 SE2d 82), where evidence as to market value of goods sold was insufficient to sustain action.) Evidence further supporting the trial court's findings is found in defendant's acquiescence in paying "retail" price for materials and $45 per hour for services while plaintiff was performing the contract. See Restatement 2d, Contracts, § 34.

3. Next, defendant challenges the trial court's findings with regard to the parties' agreement as to the hourly rate charged by plaintiff. Defendant argues that inconsistencies in plaintiff's billing rates demand a verdict for the lesser amount charged by plaintiff for services rendered. We do not agree. This was merely conflicting evidence that was properly resolved by the trier of fact. See *Barber v. Wausau &c. Ins. Co.*, 184 Ga. App. 479 (362 SE2d 109). The evidence adduced at trial was sufficient to support the trial court's findings. See Division 2 of this opinion.

4. Finally, defendant argues that plaintiff breached the agreement by allowing "two apprentices, rather than a licensed plumber and an apprentice . . ." perform the contract.

There was no evidence to indicate that plaintiff breached the contract by failing to use "a licensed plumber and an apprentice" to perform the work. On the contrary, the parties' agreement provided that plaintiff was to supply materials and install them at defendant's place of business and the evidence authorized a finding that plaintiff performed the plumbing work in a satisfactory manner and according to the parties' agreement. This enumeration of error is meritless.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 10, 1988.

*Bret L. Block, Paul R. Jordan,* for appellant.
*J. Eugene Wilson,* for appellee.