## 77088. PROFESSIONAL INSURANCE SERVICES, INC. v. SIZEMORE ELECTRIC COMPANY, INC.

(373 SE2d 276)

McMURRAY, Presiding Judge.

Plaintiff Professional Insurance Services, Inc., brought this suit on open account against Sizemore Electric Company, Inc. It contended that defendant was indebted to it in the amount of $8,429.57 and that that sum represented the balance due for the provisions of various insurance coverages.

At trial, plaintiff's president testified that the balance shown on plaintiff's ledger sheet, $8,429.57, accurately reflected the amount of defendant's indebtedness to plaintiff. No objection was made with respect to this oral evidence.

Plaintiff did not introduce its ledger sheet or any other documents into evidence and, at the close of plaintiff's case, defendant moved for a directed verdict. The trial court granted the motion, ruling that plaintiff failed to make out a prima facie case since it did not introduce documentary evidence reflecting the balance due. The jury obligingly returned a verdict in favor of defendant. Judgment was entered accordingly and plaintiff appealed. *Held*:

1. If there is "any evidence" creating a material issue of fact, a motion for a directed verdict cannot be granted. *Little v. Little*, 173 Ga. App. 116 (325 SE2d 624); OCGA § 9-11-50 (a). Was "any evidence" creating a material issue of fact introduced in the case sub judice? Yes, it was.

" 'If secondary evidence . . . is admitted without objection, it is to be considered as evidence, and a charge or verdict may be based upon it; and such verdict will not be set aside as being unsupported by the evidence.' *Munroe v. Baldwin*, 145 Ga. 215 (88 SE 947)." *Thomas &c. Lumber Co. v. Atlantic Mill &c. Co.*, 24 Ga. App. 749 (2) (102 SE 135). Thus, in a suit on open account, a prima facie case is made by a plaintiff where oral evidence concerning the balance due is introduced without objection even though documents setting forth the balance due are not received in evidence. *Thomas &c. Lumber Co. v. Atlantic Mill &c. Co.*, 24 Ga. App. 749 (2), supra. See also *Rothstein v. Mirvis & Fox, Inc.*, 155 Ga. App. 79, 80 (2) (270 SE2d 301).

In the case sub judice, oral evidence concerning the amount of defendant's indebtedness to plaintiff was introduced without objection. This evidence made out a prima facie case and it was not necessary for plaintiff to introduce other documents reflecting the balance due in order to prevail against defendant's motion for a directed verdict. *Thomas &c. Lumber Co. v. Atlantic Mill &c. Co.*, 24 Ga. App. 749 (2), supra. Compare *Wolfe v. Brown-Wright &c. Corp.*, 87 Ga. App. 12, 14 (73 SE2d 82). It follows that the trial court erred in granting defendant's motion for a directed verdict.

2. The remaining enumerations of error are either moot or without merit.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 20, 1988.

*Billy R. Smith*, for appellant.
*John L. Blandford*, for appellee.